UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALECSHA MOORE,

        Plaintiff,        Case No. 13-cv-11831

v.        Honorable Patrick J. Duggan

MILLICENT WARREN, JODI        Magistrate Judge David R. Grand
DeANGELO, DR. PEI, R.N. OZOR,
and SUBRINA AIKENS,

        Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On April 23, 2013, Plaintiff Shalecsha Moore, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), instituted this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 alleging a claim of deliberate indifference to her serious medical needs in violation of the Eighth Amendment to the United States Constitution. (ECF No. 1.) At all times relevant to the allegations contained in Plaintiff's Complaint, Plaintiff was incarcerated at the Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan. As pertinent to the matter presently before the Court, Plaintiff's Complaint names

four MDOC employees as defendants (the "MDOC Defendants"):[1] Warden Millicent Warren, Deputy Warden Jodi DeAngelo, Nurse Catherine Ozor, and Nurse Subrina Aikens.

On June 28, 2013, the MDOC Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 8.)  Soon thereafter, this Court referred the lawsuit to Magistrate Judge Grand for all pretrial matters, proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B), (ECF No. 10). After obtaining an extension of time, Plaintiff responded to the MDOC Defendants' Motion on August 21, 2013.  (ECF No. 16.)  No reply brief was filed.

On October 9, 2013, Magistrate Judge Grand filed a Report and Recommendation ("R&R") recommending that this Court grant the MDOC Defendants' Motion with respect to Defendants Warren, Ozor, and Aiken but deny the Motion without prejudice as to Defendant DeAngelo.  (R&R 20, ECF No. 21.) At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they may file objections to the R&R.  (*Id*. at 20-21.)  He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of

---

[1] Plaintiff also named Dr. Pei, an employee of Prison Health Services, as a defendant.  Dr. Pei is not a party to the motion pending before this Court.

2

appeal." (*Id*. (citations omitted)).  Defendant DeAngelo filed a timely objection on October 23, 2013.  (ECF No. 24.)

## Standard of Review

A district judge must review *de novo* the parts of an R&R to which a party objects.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, a court "is not required to articulate all the reasons it rejects a party's objections."  *Id*.  Further, overly general objections do not satisfy the objection requirement.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "The objection must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Id*.  "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error" are too general.  *Id*.

## Discussion

The sole objection to the R&R is that Magistrate Judge Grand erred in permitting Plaintiff to amend her Eighth Amendment claim against Defendant DeAngelo.  This objection rests on two grounds.  First, Plaintiff did not request leave to amend.  Second, Defendant DeAngelo contends that "[t]he main flaw in the [R&R] is that the magistrate judge . . . used a dismissal analysis rather than a summary judgment analysis . . . ."  (Def.'s Obj. 3, ECF No. 24.)  This second argument rests on the notion that in order to defeat summary judgment, the non-

3

moving party must adduce evidence to support the claim whereas here, Plaintiff offered only allegation. In short, Defendant DeAngelo takes issue with Magistrate Judge Grand's recommendation that Plaintiff be allowed to amend her complaint to incorporate factual allegations made in response to the MDOC Defendants' Motion for Summary Judgment.

In the MDOC Defendants's Motion for Summary Judgment, they argued that Plaintiff's claim against Defendant DeAngelo should be dismissed because Plaintiff failed to allege the requisite level of personal involvement to sustain a viable § 1983 claim. (MDOC Defs.' Br. 9-10, ECF No. 8.) Although Plaintiff's Complaint did not make allegations that personally implicated Defendant DeAngelo in the delayed receipt of medical care, Magistrate Judge Grand explained that Plaintiff raised new allegations in responding to the summary judgment motion that, if true, would create a question of fact regarding Defendant DeAngelo's personal involvement. (R&R 12, ECF No. 21 (citing Pl.'s Resp. 10, ECF No. 16).) Although Magistrate Judge Grand acknowledged that the additional allegations "are somewhat suspect," he determined that the Court should deny the MDOC Defendants' Motion with respect to Defendant DeAngelo and *sua sponte* grant Plaintiff the opportunity to amend for two interrelated reasons. (*Id.*)

First, Magistrate Judge Grand explained that he deemed the leave to file an amended complaint proper in light of Plaintiff's *pro se* status and the "admonition"

4

embodied in Federal Rule of Civil Procedure 15(a)(2) permitting courts to grant leave "freely . . . when justice so requires." (*Id.* at n.6.) The Court tends to agree with this conclusion as the MDOC Defendants filed their Motion for Summary Judgment two months after the Complaint was filed and before discovery commenced.

Second, Magistrate Judge Grand acknowledged that "unsupported allegations made in a response brief might not generally be sufficient to overcome an otherwise properly-supported summary judgment motion, *see Garvey v. Montgomery*, 128 F. App'x 453, 462 n.6 (6th Cir. 2005)[(citation omitted)]," he further explained that no discovery occurred prior to the filing of the Motion for Summary Judgment.[2] (R&R 13-14.) Because Plaintiff's Response indicated that her allegations would be supported by a daily log book reflecting when Defendant

---

[2] In *Garvey*, a plaintiff sought to rely on an unsupported statement as evidence in defeating summary judgment. In responding to the defendants' summary judgment motion, plaintiff indicated that "Plaintiffs attempted to have a computer expert inspect the system on which the memorandum was created to establish its creation date, but counsel for defendants have represented . . . that Mr. Hennebert threw the computer away." *Garvey v. Montgomery*, 128 F. App'x 453, 462 (6th Cir. 2005). On appeal, the Sixth Circuit explained that "the sole support" offered for the "allegation that the computer in question was destroyed" was the proponent's own self-serving statement (a statement that was not supported by any record evidence). *Id.* Although the same is true here (in that there is no record evidence), unlike *Garvey*, discovery had not commenced prior to the filing of the instant summary judgment motion. Because the MDOC Defendants are presumably in custody of the daily log books in question, Plaintiff's allegation is not necessarily an ungrounded factual assertion that should be disregarded by this Court in assessing the propriety of dismissing Plaintiff's cause of action with prejudice.

5

DeAngelo made her rounds and witnessed Plaintiff writhing in pain, the Court concludes that Magistrate Judge Grand pursued the proper legal course in his R&R.  Although the law does not require the MDOC Defendants to file a reply brief, they possess the daily log book to which the Plaintiff refers and could therefore have easily disposed of Plaintiff's allegations regarding Defendant DeAngelo's personal involvement by presenting the evidence to this Court.

## Conclusion

For the reasons set forth above, the Court adopts Magistrate Judge Grand's October 9, 2013 Report and Recommendation.  The Court concurs in the conclusion that Defendants Warren, Ozor, and Aikens should be dismissed from this action for the reasons stated by Magistrate Judge Grand.  The Court also concurs with Magistrate Judge Grand's recommendation that Plaintiff be permitted to amend her complaint with respect to her allegations against Defendant DeAngelo.  The Court is therefore denying summary judgment to Defendant DeAngelo.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Grand's October 9, 2013 Report and Recommendation is **ADOPTED**;

**IT IS FURTHER ORDERED** that the MDOC Defendants' Motion for Summary Judgment (ECF No. 8) is **GRANTED IN PART** and Defendants Warren, Ozor, and Aikens are **DISMISSED AS DEFENDANTS**;

**IT IS FURTHER ORDERED** that the MDOC Defendants' Motion for Summary Judgment (ECF No. 8) is **DENIED IN PART** as to Defendant DeAngelo.

Date:  December 24, 2013

                                 s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
**Shalecsha Moore**, # 811643
Huron Valley Complex - Womens
3201 Bemis Road
Ypsilanti, MI 48197

**Kevin R. Himebaugh, A.A.G.**
**Kimberley A. Koester, Esq.**
**Ronald W. Chapman, Esq.**