UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALECSHA MOORE,

                      Plaintiff,              Civil Action No. 13-11831
                                              Honorable Patrick J. Duggan
v.                                            Magistrate Judge David R. Grand

MILLICENT WARREN, JODI
DeANGELO, DR. PEI, R.N.
OZOR, and SUBRINA AIKENS,

                      Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CERTIFICATION AS A CLASS ACTION [25]

I.     **RECOMMENDATION**

       Before the Court is Plaintiff Shalecscha Moore's Motion for Certification as a Class

Action.  [25].  All pretrial matters in this action have been referred to this Court [10], and the

Court addresses the instant dispositive motion by Report and Recommendation.  E.D. Mich. LR

7.1(e)(1)(A); 28 U.S.C. §636(b)(1)(B).

II.    **REPORT**

       A.     **Background**

       Plaintiff Shalescsha Moore is a State of Michigan prisoner who is confined at the

Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan.  Moore contends

that she received inadequate medical care regarding pelvic, vaginal, and other issues she

experienced while incarcerated.  Moore then filed this civil rights action, *pro se*, pursuant to 42

U.S.C. §1983, against MDOC employees Millicent Warren, Jodi DeAngelo, Catherine Ozor, and

Subrina Aiken (collectively, the "MDOC Defendants") as well as Dr. Pei, an employee of Prison

Health Services.  Dr. Pei filed an answer to Moore's complaint [20], and the MDOC Defendants filed a motion for summary judgment [8] which was granted except as to Defendant DeAngelo. [27].  Thus, only DeAngelo and Dr. Pei remain defendants in this action.

While the MDOC Defendants' motion for summary judgment was pending before the Court, Moore filed the instant motion for certification as a class action regarding the medical care received by inmates at WHV. [25].  However, Moore offers no arguments as to why a class should be certified; instead her motion simply attached a collection of statements from thirty four WHV inmates regarding medical treatment they each received at that facility.  For the reasons discussed below, the Court will deny Moore's motion.

### B.   Standard of Review

Federal Rule of Civil Procedure 23 governs class actions.  Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> 1) The class is so numerous that joinder of all members is impractical;
>
> 2) there are questions of law or fact common to the class;
>
> 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> 4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"Although Rule 23(a)(2) refers to common questions of law or fact, in the plural, there need only be one question common to the class though that question must be a 'common issue the resolution of which will advance the litigation.  Ultimately, the class may only be certified

if, 'after a rigorous analysis,' the district court is satisfied that these prerequisites have been met. The burden is on the plaintiff 'to establish his right' to class certification." *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) (citations omitted).

**C.    Analysis**

Moore does not make any specific argument as to why the class should be certified; instead her motion merely recites Rule 23's standards and attaches 34 statements from other inmates. Generally speaking, the inmates allege that they have received inadequate medical care, of all different kinds, from WHV. Defendants correctly point out that black letter law prevents this proposed class from being certified.

Even if Moore could satisfy the first three prongs of the Rule 23(a) test – numerosity, commonality, and typicality – she cannot, as a *pro se* incarcerated litigant, satisfy Rule 23(a)(4)'s requirement that "the representative parties will fairly and adequately protect the interests of the class." First, the Court notes that federal law generally prohibits *pro se* individuals from representing other litigants. 28 U.S.C. § 1654 (emphasis added) states:

> In all courts of the United States the parties may plead and conduct ***their own cases*** personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Thus, like any litigant, while Moore may prosecute her claims *pro se,* she is limited to representing himself and may not act in a representative capacity for any other person. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2nd Cir. 2007). Put simply, "[t]he statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991)).

3

Moreover, the Sixth Circuit has specifically held that *pro se* prisoners like Moore may not represent other prisoners in federal court litigation.  For instance, in *Marr v. Michigan*, 89 F.3d 834 (6th Cir. 1996) the Sixth Circuit held, "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class."  *See also Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003). Numerous other cases have similarly held that a *pro se* inmate does not have the capability to adequately litigate suits on behalf of others.  *See e.g., Proctor v. Applegate, 07-12414, 2008 WL 2478331. n. 3* (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners."); *Corn v. Sparkman*, 82 F.3d 417, 1996 WL 185753 (6th Cir. 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Palasty v. Hawk*, 15 F. Appx. 197, 200 (6th Cir. 2001 (affirming district court's refusal to certify a class action proposed by a *pro se* plaintiff inmate because "*pro se* prisoners are not able to represent fairly the class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

In sum, case law and the plain language of 28 U.S.C. § 1654 preclude Moore from representing anyone other than herself in this action.  Therefore her motion for certification as a class action should be denied.

### D.    <u>Conclusion</u>

For the foregoing reasons the Court **RECOMMENDS** that Moore's motion for certification as a class action **[25]** be **DENIED**.

Dated: February 28, 2014                          s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2014.

                                                  s/Felicia M. Moses
                                                  FELICIA M. MOSES
                                                  Case Manager

5